IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMARR CANNON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) C.A. No. 19-192 (MN) |
| | ) |
| ROBERT MAY, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | ) ) ) |
| | ) |
| Respondents. | ) |

**<u>MEMORANDUM OPINION</u>**

Jamarr Cannon – *Pro se* Petitioner.

Andrew J. Vella, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware – Counsel for Respondents.

January 27, 2021
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Pending before the Court is a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition") filed by Petitioner Jamarr Cannon ("Petitioner"). (D.I. 1). The State filed an Answer in opposition. (D.I. 23). For the reasons discussed, the Court will dismiss the Petition and deny the relief requested.

## I.   BACKGROUND

In August 2017, Petitioner was indicted on one count each of tier 5 possession of cocaine, tier 4 drug dealing (cocaine), resisting arrest, possession of drug paraphernalia, and operating a motor vehicle with illegal window tinting. *See Cannon v. State*, 199 A.3d 619 (Table), 2018 WL 6575432 (Del. Dec. 12, 2018). The charges stemmed from a traffic stop for a suspected window tint. (D.I. 23 at 3). Petitioner filed a motion to suppress all the evidence obtained during the traffic stop, which the Superior Court denied after conducting a hearing. *See Cannon,* 2018 WL 6575432, at *2. On December 5, 2017, the Superior Court granted Petitioner's oral motion to proceed *pro se*. (D.I. 23 at 3). Following a two-day bench trial, the Superior Court found Petitioner guilty of all charges except the illegal window tint. After the verdict, Petitioner requested the Superior Court to reconsider its decision denying his suppression motion, which the Superior Court denied. *Id*. On April 11, 2018, the Superior Court sentenced Petitioner as a habitual offender to an aggregate nineteen years at Level V incarceration, followed by descending levels of supervision. *Id*. at 4. Petitioner appealed, and the Delaware Supreme Court affirmed the Superior Court's decision on December 12, 2018. *See Cannon*, 2018 WL 6575432, at *4. On March 4, 2019, the Superior Court modified Petitioner's sentence, awarding him 42 days credit time. (D.I. 23 at 3-4).

## II.   DISCUSSION

The Petition asserts the following three Claims for relief: (1) the police officer who conducted the traffic stop violated Petitioner's Fourth Amendment rights because he lacked

reasonable suspicion that Petitioner had violated the vehicle window tint law; (2) the police officer violated Petitioner's Fourth Amendment rights by extending the scope of the stop and continuing Petitioner's detention without reasonable suspicion; and (3) the police officer violated Petitioner's Fourth Amendment rights by conducting a pat down search of Petitioner's body without reasonable articulable suspicion (referred to as "Claim One," "Claim Two" and "Claim Three," respectively). (D.I. 1 at 5-8).

The State properly argues that all three Fourth Amendment Claims are not cognizable on federal habeas review under the doctrine established in *Stone v. Powell*, 428 U.S. 465, 494 (1976). In *Stone*, the Supreme Court held that a federal court cannot review a Fourth Amendment claim if the petitioner had a full and fair opportunity to litigate the claim in the state court. *See also Wright v. West*, 505 U.S. 277, 293 (1992). A petitioner is considered to have had a full and fair opportunity to litigate such claims if the state has an available mechanism for suppressing evidence seized in or tainted by an illegal search or seizure, irrespective of whether the petitioner actually availed himself of that mechanism. *See U.S. ex rel. Hickey v. Jeffes*, 571 F.2d 762, 766 (3d Cir. 1978); *Boyd v. Mintz*, 631 F.2d 247, 250 (3d Cir. 1980). Conversely, a petitioner has not had a full and fair opportunity to litigate a Fourth Amendment claim, and therefore avoids the *Stone* bar, if the state system contains a structural defect that prevented the state court from fully and fairly hearing the petitioner's Fourth Amendment argument. *See Marshall v. Hendricks*, 307 F.3d 36, 82 (3d Cir. 2002). Notably, "an erroneous or summary resolution by a state court of a Fourth Amendment claim does not overcome the [*Stone*] bar." *Id*.

In this case, Petitioner filed a pre-trial motion to suppress the evidence pursuant to Rule 41 of the Delaware Superior Court Rules of Criminal Procedure, which presented Claim Two but not Claims One and Three. The Superior Court denied the suppression motion after conducting a hearing. Petitioner then challenged that decision in his direct appeal to the Delaware Supreme

Court, presenting the same three arguments raised in the instant Petition. The Delaware Supreme Court affirmed the Superior Court's judgment after rejecting Claim Two as meritless and determining that Petitioner did not establish plain error with respect to Claims One and Three. *See Cannon*, 2018 WL 6575432, at *2-3.

This record demonstrates that Petitioner was afforded a full and fair opportunity to litigate his Fourth Amendment claims in the Delaware state courts. The fact that Petitioner disagrees with the state court decisions and the reasoning utilized by the state courts is insufficient to overcome the *Stone* bar. Therefore, because all three of Petitioner's Fourth Amendment arguments are barred by *Stone*, the Court will deny the Petition in its entirety.

### III. PENDING MOTION

During the pendency of this proceeding, Petitioner filed a Motion for Partial Summary Judgment, asking the Court to grant summary judgment on Claims One and Two. (D.I. 28). Given the Court's determination that the Petitioner must be denied in its entirety, the Court will dismiss as moot the Motion for Partial Summary Judgment.

### IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it

3

debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The Court has concluded that the instant Petition fails to warrant federal habeas relief, and is persuaded that reasonable jurists would not find this conclusion to be debatable. Therefore, the Court will not issue a certificate of appealability.

## V.     **CONCLUSION**

For the reasons stated, the instant Petition for habeas relief pursuant to 28 U.S.C. § 2254 is denied without an evidentiary hearing or the issuance of a certificate of appealability. An appropriate Order shall issue.

4